FILED
CLERK, U.S. DISTRICT COURT

6/2/22

CENTRAL DISTRICT OF CALIFORNIA
BY:_____ DEPUTY
CS

Bruce Westin (Pro-Per)
5757 Wayne Newton Blvd. #11721
Las Vegas, NV 89111
702-758-5630

Related DDJ

**U.S. DISTRICT COURT**

**Central District of California**

CV22-3788-VBF(DFM)

Bruce Westin badge

       Plaintiff,

  v.

City of Calabasas,

California Superior Court,

California Court of Appeal

Defendans.

Case No.:

**COMPLAINT FOR VIOLATION OF (1) FIFTH AMENDMENT RIGHTS (2) FOURTEENTH AMENDMENT RIGHTS (3) INJUNCTIVE RELIEF**

Judge:

**I.   NATURE OF THE CASE**

1. The City of Calabasas has apparently devised a legal strategy of stealing property by citing land owners (Plaintiff) for petty violations and then the Superior Court refuses ANY attempt at appeal. There are probably 3rd World countries that have a better functioning judicial system.

2. The property in question is a vacant lot in the City of Calabasas. Plaintiff made minor improvements to said lot including a partially completed staircase, a 10 x 10 foot wooden platform intended as a base for a storage shed, concrete stepping stones and miscellaneous personal items.

- 1 -

4.   The City of Calabasas cited subject property for illegal structures (wooden platform, partially completed stairway, and stepping stones) and began legal proceedings on March 21st 2021.

3. The subject property is located in a rural area with no homes in the vicinity above the lot or to the adjacent sides, however there are homes in the valley below that apparently did not like ANY changes to the hills above them.

4. It should also be noted that many of these same homes in this area were built with leaky substandard septic systems that are now subject to a lawsuit in this same court.

5. The City of Calabasas Administrative Review Board ruled against Plaintiff on March 30th 2021 and issued an order for Plaintiff to obtain a building permit to remove all improvements and repair any damage to the "Oak Tree habitat" by May 10th 2022 (there are approximately 20-30 trees on the subject lot).

6.  Plaintiff filed a Writ of Mandate in Superior Court on April 24th 2022 which was rejected by the court on April 28th 2022 because Plaintiff was deemed a vexatious litigant in 2006 in a civil case involving half a duplex willed to Plaintiff's mother

but expropriated by Plaintiff's uncle by way of a Joint Tenancy deed.

7.   The Court erred in disallowing Plaintiff to file a Writ of Mandate which should have functioned as an appeal in the Calabasas Code Citation case. **This is the equivalent of being sued but NOT being able to appeal, NOT having access to a jury, and NOT even having access to an impartial judiciary.**

8.   Plaintiff then filed a prefiling request seeking permission to file said Writ of Mandate. Superior Court Judge David Cowen issued a ruling on July 26th 2021 refusing Plaintiff's request using the excuse that since Plaintiff was unable to attend the City of Calabasas's "Zoom.com" hearing Plaintiff had supposedly "waived his rights."

9.   Plaintiff never EVER waived his rights in this case, though he was unable to download "Zoom.com" and attend said hearing "online" he did file a COMPLETE response for the City to consider at their Code Enforcement Hearing.

10.   Plaintiff then attempted to appeal Judge Cowen's order and the SAME Kangaroo Judge issued a ruling on Plaintiff's

request to appeal and simply stated approval would be needed from the Court of Appeal.

11.   Plaintiff filed an appeal in the State Appellate Court and on November 8th 2021 received a response from the court that appeals are to be filed in SUPERIOR Court.

12.   On January 13th 2022 a Warrant was issued by the Superior Court to remove said 10x10 wooden platform, staircase and solar panels.

13.   Plaintiff was unable to comply with this warrant given the short notice BUT was able to move most of his personal belongings to an adjacent lot which he also owns.

14.   Apparently when the City of Calabasas executed said warrant they took EVERYTHING, including personal items from the adjacent lot to which they had NO permission to enter.

15.   Items taken illegally by Calabasas from the **adjacent** lot include (1) one gas generator chained to a tree (2) locked tool chest with 2 gallon air compressor and nail gun (3) a stack of lumber from the mostly disassembled deck (2x6's) and larger pieces of lumber (2x12's) never used for the future staircase

(4) one table saw chained to a tree (5) one circular saw (6) one weed trimmer (7) one set of unused solar panels (7) one used solar panel set removed from the lot subject to warrant.

16.    Items taken illegally by Calabasas from the subject lot include (1) one dog cage and one dog kennel (2) two rebuilt seadoo jetski engines in separate cases (3) one stainless steel propane grill (4) one lounge chair (5) one picnic tent (6) approximately two dozen stepping stones placed along a hillside for the purpose of a temporary staircase.

17.    Plaintiff was then sent a bill for $17,653 from the City of Calabasas for removing said 10 x 10 platform, partially completed stairway and solar panels. **This is a COMPLETE SCAM that needs to stop.**

18.    Plaintiff still did NOT have a fair day court and it is still NOT clear if a property owner can or cannot build a staircase or shed/platform on a vacant lot under the exempt work clauses issued by the City of Calabasas and County of Los Angeles.

19.   The City of Calabasas then enrolled Plaintiff's properties (three separate lots) into the County of Los Angeles' "Weed Abatement Program" which means Plaintiff is supposed to remove all weeds from said lots.

20.   This is just one more attempt to fine/harass Plaintiff. There are NO homes ABOVE or adjacent to Plaintiff's property. Any fire danger is below. Also, Plaintiff is unable to properly store equipment (including a lawn mower) on this property as the City will not permit even a tool shed to be built.

## II.   PARTIES and JURISDICTION

20.   Plaintiff is a resident of the state of Nevada and his mailing address is 5757 Wayne Newton Blvd. #11721 Las Vegas, NV 89111

21.   Defendant City of Calabasas is a government entity with offices at 100 Civic Center Way., Calabasas, CA 91302

22.   Defendant Los Angeles Superior Court is a State entity with offices at Stanley Mosk Courthouse 111 N. Hill Street, Los Angeles, CA 90012

23.    Defendant California Court of Appeal is a State entity with offices at 300 S Spring St B-228, Los Angeles, CA 90013

24. Plaintiff brings his complaint under federal diversity jurisdiction, 28 U.S.C. 1332, as the parties are diverse in citizenship and the amount in controversy exceeds $75,000.

**III.  FACTUAL ALLEGATIONS**

25. Plaintiff assumed all the aforementioned improvements (wooden platform, staircase and concrete stepping stones) fell under "exempted work" as described in the worksheet issued by the City of Calabasas **(Exhibit A)**

26. The City of Calabasas cited Plaintiff's property for erecting an illegal structure(s) and initiated legal proceedings on or about March 24th 2021.

27.  On March 24th 2021 the City conducted a "Zoom.com" hearing Plaintiff was unable to attend as he could not download the Zoom.com telephone application. Plaintiff did file a written answer to the City's complaint **(Exhibit B).**

28.  On March 30th 2022 the City ordered Plaintiff to remove all structures from the subject property **(Exhibit C).**

29.  On April 21st 2022 Plaintiff attempted to file a Writ of Mandate to appeal the City's decision in Superior Court which was rejected for filing on April 28th 2021 due to Plaintiff's status as a "vexatious litigant" from the year 2007 **(Exhibit D).**

30.  Plaintiff then filed a request to file new litigation in Superior Court in an attempt to file said Writ of Mandate. On July 26th 2021 Judge Cowen refused Plaintiff's request to file said Writ based primarily on Plaintiff's inability to attend a "Zoom.com" conference with the City of Calabasas **(Exhibit E),** the same hearing Plaintiff filed a comprehensive written answer to in Exhibit B.

31.  Plaintiff then attempted to appeal Judge Cowen's ruling and was again refused the ability to file yet AGAIN by Judge Cowen, who issued a ruling on October 22nd, 2021 finding Plaintiff is required to file said appeal with the "administrative presiding justice of the Court of Appeal" **(Exhibit F).**

32.    Plaintiff also filed a request to Appeal with the California Appellate Court which was refused on or about November 8th 2021 with instructions to file such appeal in Superior Court **(Exhibit G)**.

### IV. CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**<u>Violation of Plaintiff's Fourteenth Amendment Rights</u>**

33. The State Superior Court's 2007 order declaring Plaintiff a vexatious litigant in case YC053041 is overly broad and **SHOULD NOT apply to APPEALS.**

34.    Plaintiff did not get sued by choice, Plaintiff still believes property owners CAN add a shed/wooden platform, staircase and stepping stones to a property.

35. The Superior Court violated Plaintiff's 14th Amendment Rights by refusing to file his Writ of Mandate and again by refusing to file Plaintiff's appeal.

**SECOND CAUSE OF ACTION**

**Violation of Plaintiff's Fourteenth Amendment Rights**

36. The Appellate Court probably violated Plaintiff's 14th Amendment Rights by refusing to file his appeal, though this responsibility could lie with the Superior Court. Either way, they are both State courts.

**THIRD CAUSE OF ACTION**

**Violation of Plaintiff's Fifth Amendment Rights Against Theft of Property**

37. Defendant Calabasas illegally trespassed on Plaintiff's adjacent property and illegally took (1) one gas generator chained to a tree (2) one locked tool chest with a 2 gallon air compressor and nail gun (3) a stack of lumber from the mostly disassembled deck and larger pieces of lumber never used for the future staircase (4) one table saw chained to a tree (5) one circular saw (6) one weed trimmer (7) one set of unused solar panels (7) and one used solar panel set removed from lot subject to warrant.

16.    Items taken illegally by Calabasas from the subject lot include (1) one dog cage and one dog kennel (2) two rebuilt seadoo jetski engines in separate plastic cases (3) one lounge chair (4) one stainless steel propane grill (5) one picnic tent (6) approximately two dozen stepping stones placed along a hillside for the purpose of a temporary staircase.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment against Defendants and injunctive relief:

1. Judgment for compensatory damages against Defendants to be determined at trial

2. Judgment for punitive damages against Defendants to be determined at trial.

3. Enjoin City of Calabasas from placing a lien or otherwise acting on expenses associated with abatement action.

4. Order the City of Calabasas and County of Los Angeles to remove the subject lots from the Weed Abatement Program.

5. Costs of this lawsuit.

Dated: June 1st 2022

_____,

Bruce Westin, Plaintiff

CITY *of* CALABASAS

# 2016 California Building & Residential Code with City of Calabasas Amendments – 105.2 Work Exempted

*Exemptions from permit requirements of this code shall not be deemed to grant authorization for any work to be done in any manner in violation of the provisions of this code or any other laws or ordinances of this jurisdiction.*

**Please note that work which does not require a Building Permit may still require Planning Department and/or other agency approval(s). Please ask counter staff for further information.**

**A permit shall not be required for the following:**

**Building:**

1. One-story detached accessory structures, used as tool and storage sheds, playhouses, and similar uses, provided that:
    a. The floor area does not exceed 120 square feet.

2. Fences not over seven* (7) feet (2134 mm) high.  *Contact **Planning Dept. for Planning Dept. permit requirements**
    a. **Exception 1**: Solid walls or fences more than 3 feet (914 mm) above grade, within the required front yard setback.
    b. **Exception 2**: Non-retaining masonry fences or walls more than 3 feet (914 mm) above finished grade.

3. Oil derricks.

4. Retaining walls that are not over 4 feet (1219 mm) in height measured from the bottom of the footing to the top of the wall, unless supporting a surcharge or impounding Class I, II, or IIIA liquids.

5. Water tanks supported directly on grade if the capacity does not exceed 5,000 gallons (18,925 L) and the ratio of height to diameter or width does not exceed 2:1.

6. Sidewalks and driveways not more than 30 inches (762 mm) above adjacent grade, and not over any basement or *story* below and are not part of any *accessible route*.

7. Painting, papering, tiling, carpeting, cabinets, counter tops and similar finish work.

8. Temporary motion picture, television and theater stage sets and scenery.

9. Prefabricated swimming pools accessory to a Group R-3 Occupancy that are less than 24 inches (610 mm) deep, do not exceed 5,000 gallons (18925 L) and are installed entirely above ground. ***Fences, gates, door alarms and other protection devices that are accessory to the pre-fabricated swimming pool are not exempt from permit requirements.***

10. Shade cloth structures constructed for nursery or agricultural purposes, not including service systems.

11. Swings and other playground equipment accessory to detached one- and two-family *dwellings*.

12. Window *awnings* in Group R-3 and U occupancies supported by an *exterior wall* that do not project more than 54 inches (1372 mm) from the exterior wall and do not require additional support.

(Exhibit A, page 1)

13. Non-fixed and movable fixtures, cases, racks, counters and partitions not over 5 feet 9 inches (1753 mm) in height.

14. Decks not exceeding 200 SF in area, that are not more than 30 inches (762 mm) above grade at any point, are not attached to a dwelling and do not serve the exit door required by Section R311.4.

**Electrical:**
R1. Listed cord-and-plug connected temporary decorative lighting.
R2. Reinstallations of attachment plug receptacles but not the outlets therefor.
R3. Replacement of branch circuit overcurrent devices of the required capacity in the same location.
R4. Electrical wiring, devices, appliances, apparatus or equipment operating at less than 25 volts and not capable of supplying more than 50 watts of energy.

**Repairs and maintenance**:  Minor repair work, including the replacement of lamps or the connection of *approved* portable electrical *equipment to approved* permanently installed receptacles.

**Radio and television transmitting stations**: The provisions of this code shat not apply to electrical equipment used for radio and television transmissions, but do apply to equipment and wiring for a power supply and the installations of towers and antennas.

 **Temporary testing systems:** A *permit* shall not be required for the installation of any temporary system required for the testing or servicing of electrical equipment or apparatus.

**Gas:**
1.  Portable heating appliance.
2.  Replacement of any minor part that does not alter approval of *equipment* or make such *equipment unsafe*.
R1 Portable heating, cooking or clothes drying *appliances*.
R2 Portable-fuel-cell *appliances* that are not connected to a fixed piping system and are not interconnected to a power grid

 **Mechanical:**
1.  Portable heating appliance.
2.  Portable ventilation equipment.
3.  Portable cooling unit.
4.  Steam, hot- or chilled-water piping within any heating or cooling equipment regulated by this code.
5.  Replacement of any part that does not alter its approval or make it unsafe.
6.  Portable evaporative cooler.
7.  Self-contained refrigeration system containing 10 pounds (5 kg) or less of refrigerant and actuated by motors of 1 horsepower (746 W) or less.
R2 Portable-fuel-cell *appliances* that are not connected to a fixed piping system and are not interconnected to a power grid.

**Plumbing:**
1.  The stopping of leaks in drains, water, soil, waste or vent pipe, provided, however, that if any concealed trap, drain pipe, water, soil, waste or vent pipe becomes defective and it becomes necessary to remove and replace the same with the new material, such work shall be considered as new work and a *permit* shall be obtained and inspection made as provided in this code.

2.   The clearing of stoppages or the repairing of leaks in pipes, valves or fixtures and the removal and reinstallation of water closets, provided such repairs do not involve or require the replacement or rearrangement of valves, pipes or fixtures.

1  Bruce Westin
   5757 Wayne Newton Blvd. #11721
2  Las Vegas, NV 89111
   (702) 758-5630
3  brucewestin01@gmail.com

4

5              **SUPERIOR COURT OF CALIFORNIA**

6                **County of Los Angeles**

7  Bruce Westin                          Case No.:

8                                        **Petition for Writ of**
9                                        **Mandate**
              Appellant
10        v.

11  City of Calabasas                    Judge:

12                                       Date Action filed:
                                         Date set for trial:
13  Respondent

14

15              **Petition for Writ of Mandate**

16

17  Bruce Westin petitions this court for a writ of mandate or other
18  appropriate relief, directing respondent City of Calabasas to
    vacate it's March 30th 2021 order in Code Enforcement Case
19  CE1902011  to abate nuisance conditions for lot APN 2072-031-011
20  which includes the removal of a certain 10x12 foot deck, stair
21  treads (possibly referring to stepping stones, all posts, a
22  solar panel, and submit a $3,227 non refundable oak tree fee to
23  respondent.

24                        **Prayer**

25  Wherefore, Bruce Westin kindly requests that a writ of mandate
26  issued from this court commanding the City of Calabasas to
27  Vacate it March 30th order in Code enforcement case CE1902011.

28

                          - 1 -
                       (Exhibit B)

**Verifiication**

I represent myself in the above captioned case. I have read the foregoing Petition and know of it's contents. The facts alleged in the Petition are within my own knowledge and I know these facts to be true

I declare under penalty of perjury that the foregoing is true and correct and that this verification was executed on this 21st day of April, 2021 at New York, New York.

_____

April 21st 2021

## I. NATURE OF THE CASE

1.   This case centers around improvements made to a vacant lot located within the city of Calabasas. Petitioner improved said lot with a 10 x12 foot wooden deck, partially completed wooden staircase,  two solar panels attached to one post, a pathway comprised of approximately two dozen concrete stones and a dog kennel which is shaded by trees on the property. The subject lot is used on occasion for recreational purposes such as reading and using electronic devices such as a laptop computer. Petitioner rents said lot from an associated Trust.

- 2 -

(Exhibit B)

## II.   City of Calabasas Exempt Work

2.   Petitioner relied on an informational guide  provided by the City of Calabasas prior to to building the wooden deck in question and installing a series of stepping stones (Clerks Record, Response to City of Calabasas – February 27th, Exhibit A) which is supposed to exempt  such the improvements. The staircase, which is not completed and is basically 6 wooden beams installed in series was built following no response to Appellant's questions regarding permits from City building officials in the summer of 2020.

2.   Additionally, Calabasas Municipal Code 17.02.02(A)(1) exempts the above improvements provided "the activity, use OR structure" is established. A structure appears to be optional and the "use" of the subject lot has already been established as "rural residential" per the Los Angeles Assessor.

## III. Oak Tree Regulations

3.   The City has alleged numerous Oak Tree violations primarily related to the proximity of said trees to the improvements in question, yet it remains unclear what method was used to determine tree species or if the unknown tree expert was able to meet the City's rigorous credential licensing requirements.  It should also be noted that none of the trees

- 3 -

(Exhibit B)

were "harmed" during any of the above activities (the trees almost have as many protections or even more than a person does).

4.   Petitioner is accused of "encroaching into a protected zone of live multi trunk Coast Oak Tree(s)" violating municipal code **(Clerk's Record, City's Notice of Administrative Review – February 22nd, Paragraphs 4, 5, 6, and 7).** However, the referenced code (CMC 17.32.010(C)(1)(a)) does not define what "encroachment" is.

5.   Furthermore, the City's "Exempt Work" handout does not reference any such Oak Tree restrictions, possibly because the specified exempt work is too minor to need a building permit or a recently referenced Oak Tree permit.

### Constitutional Rights

Petitioner has a constitutional right to peacefully enjoy the subject real property via the 5th and 9th Amendments to the United States Constitution. The improvements in question are very minor in nature and even the Calabasas Municipal Code does not define the "Start of Construction" to include such work and states in pertinent part "Permanent construction does not include….the installation of streets and/or walkways; nor does

- 4 -

(Exhibit B)

it include excavation for a basement, footings, piers, or foundations or the erection of temporary forms." **CMC 15.16.050 – Definitions.**

If it is determined the Municipal Code does not protect such minor improvements, Petitioner should have the Constitutional Right to enjoy the use of the subject property by making said minor improvements that in the ordinary course of business do not require permits for other property owners.

**Arbitrary Fines and Taking of Property**

As part of the City's order to remove said improvements the City also requires an Oak Tree Report be prepared by a licensed arborist and a non refundable fee of $3,227 **(Clerks Record, Decision Following Administrative Review March 30th, Paragraph 2.26(A)(i))** However, no explanation is provided how the non refundable fee of $3,227  was determined or what the fee is for.

Additionally, to require such a report would place an undue financial burden on Appellant as there are well over 70 individual tree trunks on the subject lot.

**Appellant did not waive his Rights**

The City erroneously states Petitioner waived his rights because he was unable to access "Zoom.com" for the March 24th 2021 hearing. Petitioner answered all the City's questions in writing prior to said hearing and immediately before the hearing was scheduled to begin Appellant informed the City via email that he was  unable to attend and to proceed based upon Petitioner's written statements previously submitted.

**V. PRAYER FOR RELIEF**

WHEREFORE, Petitioner respectfully prays for judicial relief against the City of Calabasas including:

1.  Set aside and void City's Order to Abate subject property dated March 30th, 2021 in Code Enforcement Case CE1902011.

Dated:___April 21st 2021_____

Bruce Westin,

Petitioner,

- 6 -

(Exhibit B)

**Certificate of Compliance**

Pursuant to rule 8.204(c) of the California Rules of Court, I hereby certify that this brief contains _710__ words, including footnotes. In making this certification, I have relied on the word count of the computer program used to prepare the brief.

_____                                  April 21st, 2021

(Exhibit B)

1

2

**Proof of Service**

3

4

Bruce Westin vs. City of Calabasas

5

CASE NUMBER:

6

 – ACKNOWLEDGMENT OF SERVICE

7

8

I, the undersigned, certify and declare that I am over the age of 18 years, and not a party to the above-entitled cause. On April 22nd 2021___I served a true copy of by personally delivering it to the person (s) indicated below in the manner as provided in FRC

9

10

11

(b)**XXX** by depositing it in the United States Mail in a sealed envelope with the postage thereon fully prepaid to the following: **City of Calabasas 100 Civic Center Way, Calabasas, CA 91302**

12

13

14

Place of Mailing: Executed on _April 22nd 2021_____at, New York, New York.  Please check one of these boxes if service is made by mail:

15

16

17

I hereby certify under the penalty of perjury that the foregoing is true and correct.

18

Signature of Person Making Service

19

20

21

_____          April 22nd 2021_____

22

23

24

25

26

27

28

- 8 -

(Exhibit B)



CITY *of* CALABASAS

March 30, 2021

**Service by First Class Mail**

Bruce Westin [Manager/Responsible Person]
Goose Trust [Member/Responsible Person]
Topanga Land LLC [Property Owner/Responsible Person]
Bruce Westin [Manager/Responsible Person]
Goose Trust [Member/Responsible Person]
Topanga Land LLC [Property Owner/Responsible Person]
1612 Hanover Court
Fort Collins, CO 80526

Re: Decision Following Administrative Review Hearing
Calabasas Lot (APN 2072-031-011)/Code Enforcement Case CE1902011

To All Responsible Persons:

I conducted a Zoom hearing (which was recorded)[1] on March 24, 2021 at 11:00 a.m. pursuant to a February 22, 2021 Notice of Administrative Review Hearing that was served upon you. That notice recited a March 10, 2021 hearing date at 11:00 a.m. I commenced that hearing on that date/time and continued it[2] to March 24, 2021 at 11:00 a.m. so that you could attend the hearing. At my direction, Senior Planner Michael Klein caused a March 10, 2021 Notice of Continuance of Hearing to be served upon you, which sets forth the continued hearing date and time.

You or your representative did not attend the Zoom hearing by video or telephonically. The following persons attended the hearing: Senior Building Inspector Ruben Flores, Senior Planner Michael Klein, Building Official Sparky Cohen, Building Inspector/Code Enforcement Officer Gabriel Endreola and City Prosecutor Steven H. Rosenblit, who was representing the Community Development Department.

---

[1]  A link that provides access to the video recording shall be sent to you c/o Mr. Westin via email at: brucewestin01@gmail.com.

[2]  Senior Planner Michael Klein reports receiving a March 10, 2021 email from Mr. Westin before the hearing stating: "I will be unable to attend this morning's hearing. Please keep me advised of the outcome."

Bruce Westin [Manager/Responsible Person]
Goose Trust [Member/Responsible Person]
Topanga Land LLC [Property Owner/Responsible Person]
Bruce Westin [Manager/Responsible Person]
Goose Trust [Member/Responsible Person]
Topanga Land LLC [Property Owner/Responsible Person]
Re:  Decision Following Administrative Review Hearing
     Calabasas Lot (APN 2072-031-011)/Code Enforcement Case CE1902011
March 30, 2021
Page 2

I considered the following documents in connection with the hearing:

•       An October 23, 2020 Notice of Nuisance Determinations and Request to Abate that Messrs. Klein and Flores executed, along with attached appendices (hereinafter, the "Request to Abate").

•       An "Answer to City of Calabasas Notice of Abatement" that Mr. Westin tendered to the Community Development Department. This document and an Addendum and Response from Mr. Westin, as described below, are hereinafter collectively referred to as the "Objections."

•       An "Addendum to Answer for City of Calabasas Complaint" that Mr. Westin tendered to the Community Development Department.

•       A February 22, 2021 Notice of Administrative Review Hearing that Senior Planner Michael Klein caused to be served upon you.

•       A February 27, 2021 "Response to City of Calabasas Complaint # CE190011" that Mr. Westin tendered to the Community Development Department.

The Request to Abate constitutes prima facie evidence of the facts stated therein pursuant to Calabasas Municipal Code (hereinafter, the "CMC") Section 8.20.09 B. I considered the testimony of Messrs. Klein and Flores concerning the Request to Abate, the Objections, and applicable provisions of the CMC. Mr. Klein testified that the Planning Division had not, as of the date of the hearing, received an application for an oak tree permit from you as discussed in Section A. of the Request to Abate. I also considered testimony of Mr. Endreola confirming the conditions in the Request to Abate were still present on the lot.

**MY FINDINGS ARE AS FOLLOWS**:

1.       I affirm the Building and Safety Division determinations that are forth in Section 1, Subparts 1.1 though 1.5 of the Request to Abate, and the nuisance violations pertaining thereto as stated in the February 22, 2021 Notice of Administrative Review Hearing.

Bruce Westin [Manager/Responsible Person]
Goose Trust [Member/Responsible Person]
Topanga Land LLC [Property Owner/Responsible Person]
Bruce Westin [Manager/Responsible Person]
Goose Trust [Member/Responsible Person]
Topanga Land LLC [Property Owner/Responsible Person]
Re:  Decision Following Administrative Review Hearing
     Calabasas Lot (APN 2072-031-011)/Code Enforcement Case CE1902011
March 30, 2021
Page 3

2.      I affirm the Planning Division determinations that are set forth in Section 2, Subparts 2.1 through 2.26, of the Request to Abate, and the nuisance violations pertaining thereto as stated in the February 22, 2021 Notice of Administrative Review Hearing.

**MY DECISION IS AS FOLLOWS**:

Based on my findings, I declare the lot described as APN 2072-031-011 (hereinafter, the "Property") to be a public nuisance pursuant to CMC Sections 15.04.840 A., 8.20.040 B.12, and 17.80.020 A.

**ABATEMENT ORDERS**:

You are, pursuant to CMC Section 8.20.090 F., ordered to abate the public nuisance by complying with Section A. of the Request to Abate **by May 10, 2021**. You are further ordered to thereafter comply with Sections B., C., D., and E. of the Request to Abate within the time periods stated therein. You are further ordered to remove all posts and solar panels from the Property (see Section F. of the Request to Abate) and pass a city inspection by May 10, 2021. A copy of the Request to Abate without appendices is included herewith in order to provide you with convenient reference to Sections A. through F.

If you do not fully comply with Section A. of the Request to Abate **by May 10, 2021**, and/or if you do not complete all of the required actions that are set forth in Sections B., C., D., or E. of the Request to Abate in a timely manner, the City of Calabasas (hereinafter, the "City") and its agents are ordered to enter the Property with a warrant from the Los Angeles County Superior Court to abate the public nuisance and: (i) demolish the deck and concrete footings, as well as dispose of all demolition debris without regard to salvage value, if any; and, (ii) remove all stair treads that are encroaching into the protected zones of all Live Oak trees and dispose of them without regard to salvage value, if any; and, (iii) remove all lights from all Live Oak trees, and dispose of those lights without regard to salvage value, if any. The City and its agents are further ordered to remove all posts and solar panels if they are still present on the Property after May 10, 2021 and dispose of them without regard to salvage value, if any. The City and its agents are further ordered to complete all oak-tree remediation actions that may be required by an arborist in connection with abating the public

Bruce Westin [Manager/Responsible Person]
Goose Trust [Member/Responsible Person]
Topanga Land LLC [Property Owner/Responsible Person]
Bruce Westin [Manager/Responsible Person]
Goose Trust [Member/Responsible Person]
Topanga Land LLC [Property Owner/Responsible Person]
Re:  Decision Following Administrative Review Hearing
     Calabasas Lot (APN 2072-031-011)/Code Enforcement Case CE1902011
March 30, 2021
Page 4

nuisance. The City and its agents may require multiple entries onto the Property in order to complete nuisance abatement actions, which entries constitute an abatement order. Should it be necessary for the City to undertake any or all of the nuisance abatement actions discussed herein, the City shall seek recovery of its abatements costs from you pursuant to CMC Section 8.20.150 et seq.

My decision is final since you abandoned your right to appeal it to the City Manager due to your failure to attend or be represented at the hearing.[3] In that regard, CMC Section 8.20.080 D. states in part as follows: "A responsible person's failure to attend or be represented at a hearing shall constitute an abandonment of the appeal and a failure to exhaust administrative remedies."

California Code of Civil Procedure Section 1094.5 affords persons with a right to seek judicial review of a city's administrative decision. California Code of Civil Procedure Section 1094.6 governs the time within which judicial review of a decision may be sought. Recital of those statutes does not impliedly or expressly constitute a City acknowledgement that you are entitled to seek judicial review of my decision. It is the City's position that you abandoned your appeal and failed to exhaust your administrative remedies by not appearing or being represented at the hearing. The City reserves all rights and remedies it has should you seek judicial review of my decision.

Sincerely,

Maureen Tamuri, Community Development Director
Hearing Officer

30, 2021
Date

---

[3]  See Section AA. of the Request to Abate. Also, the February 22, 2021 Notice of Administrative Review Hearing states in part as follows: "Failure to attend or be represented at the hearing shall constitute an abandonment of your appeal and a failure to exhaust administrative remedies." Responsible persons who attend or are represented at a hearing may appeal a Community Development Director's decision to the City Manager pursuant to CMC Section 8.20.100.

Bruce Westin [Manager/Responsible Person]
Goose Trust [Member/Responsible Person]
Topanga Land LLC [Property Owner/Responsible Person]
Bruce Westin [Manager/Responsible Person]
Goose Trust [Member/Responsible Person]
Topanga Land LLC [Property Owner/Responsible Person]
Re:  Decision Following Administrative Review Hearing
     Calabasas Lot (APN 2072-031-011)/Code Enforcement Case CE1902011
March 30, 2021
Page 5


Cc:  Bruce Westin [Manager/Responsible Person]
     Goose Trust [Member/Responsible Person]
     Topanga Land LLC  [Property Owner/Responsible Person]
     5757 Wayne Newton Blvd., # 11721
     Las Vegas, NV 89111

     Bruce Westin [Manager/Responsible Person]
     Goose Trust [Member/Responsible Person]
     Topanga Land LLC  [Property Owner/Responsible Person]
     3435 E. Thousand Parks Blvd., # 7174
     Thousand Oaks, CA 91359

     Service by posting a copy of this Notice at the lot.
     Service of a copy of this Notice by email: *brucewestin01@gmail.com*.



CITY *of* CALABASAS

October 23, 2020

Bruce Westin [Manager/Responsible Person]
Goose Trust [Member/Responsible Person]
Topanga Land LLC [Property Owner/Responsible Person]
1612 Hanover Court
Fort Collins, CO 80526

# NOTICE OF NUISANCE DETERMINATIONS AND REQUEST TO ABATE

*[Calabasas Lot (APN 2072-031-011)]*
*[Code Enforcement Case CE1902011]*

Dear Responsible Persons:

This notice is issued to you pursuant to Calabasas Municipal Code ("CMC"), Section 8.20.060 C. It is based on a consensual City inspection on October 4, 2019 by Senior Building Inspector Ruben Flores, Senior Planner Michael Klein, and Code Enforcement Officer Armando Saavedra,[1] as well as subsequent offsite inspections.

You continue to maintain installations and development at the above-referenced lot that constitute violations of the CMC and nuisance conditions. They are as follows:

Section 1:    Building and Safety Division Determinations:

      1.1    Mr. Westin sent an email to Senior Building Inspector Ruben Flores on August 21, 2019 that states in part as follows:

> "...I would like to finished building the patio (approx 10ft by 10ft) on the above lot and also build a stairway to access the property (i.e a walkway)..."

---

[1]    Officer Armando Saavedra took photos and measurements during that inspection, which are included with this notice. He also took photos after that date that are included in this notice.

Bruce Westin [Manager/Responsible Person]
Goose Trust [Member/Responsible Person]
Topanga Land LLC [Property Owner/Responsible Person]
Re: Notice of Nuisance Determinations and Request to Abate
    Calabasas Lot (APN 2072-031-011)
    Code Enforcement Case CE1902011
October 23, 2020
Page 2

       1.2    <u>Deck (i.e., Patio)</u>.    The deck is a structure[2] (see Appendix 1 for photos). The structure and its concrete footings require a building permit, which has not been obtained from the Building and Safety Division.

       1.3    The Calabasas Building Code applies to this lot. The Building Code does not exempt decks of any height above grade from the requirement of a building permit. The October 4, 2019 City inspection revealed the deck structure has the following dimensions: length is 136" (11' − 4") and width is 113 ½" (9' − 5 ½"). Its distance from grade at its lowest point is 11". A portion of the deck is 44 inches above grade.[3]

       1.4    The deck is not eligible for a building permit because it violates the Development Code, as discussed in Section 2 of this notice.

       1.5    The responsible persons are subject to the following provisions of the CMC because of the unpermitted deck structure:

       <u>Section 15.04.840</u>:

       A.    A violation of any of the provisions of this chapter or the codes adopted shall constitute a nuisance and may be abated by the city ... in any other manner provided by law for the abatement of such nuisance.

       <u>Section 8.20.040</u>:

       B.    Additional Unlawful Nuisances. ... it is unlawful for any responsible person to maintain, or to allow another to maintain, property in the city so that any of the following conditions exist thereon:

---

[2]   Mr. Westin initially informed the City he was building a shed. He thereafter reported that he would like to use that structure as a deck. The Calabasas Building Code (adopting the 2016 California Building Code, and then the 2019 California Building Code) requires a permit for a deck structure pursuant to Section 105.1. That section states in part as follows: "An owner ...who intends to construct ... a ... structure ... shall first make application to the building official and obtain the required permit."

[3]   If the Calabasas Residential Code were to apply to this lot (which is not the case), the deck would not be exempt from the requirement of a building permit because it is more than 30 inches above grade at any point.

Bruce Westin [Manager/Responsible Person]
Goose Trust [Member/Responsible Person]
Topanga Land LLC [Property Owner/Responsible Person]
Re: Notice of Nuisance Determinations and Request to Abate
    Calabasas Lot (APN 2072-031-011)
    Code Enforcement Case CE1902011
October 23, 2020
Page 3

12.      Maintaining any building, structure or property which has been constructed or is maintained in violation of any specific requirements or prohibition applicable to the building or structure or property contained in the building and construction or zoning regulations of this city ...

Section 2:    Planning Division Determinations:

Deck:

2.1    The lot is located within the Rural Community ("RC") Zone. It is also located within the OT (Old Topanga) and SC (Scenic Corridor) Overlay Zones.

2.2    The lot has not been improved with an approved and permitted single-family residence, according to Planning Division records and a site inspection.

2.3    The deck and footings (see Appendix 1 for photos) constitute development. CMC Section 17.90.020 defines "development" in part as "any ... construction activity or alteration of the land ..." Grading in the form of excavations to install steps or for other purposes is also a form of development.

2.4    Decks in single-family residential zones (including the RC Zone) and their uses are customarily a part of, and clearly incidental and secondary to, a residence (which elements are part of the definition in Section 17.90.020 for "Accessory Uses and Structure, Residential"). CMC Section 17.11.010 A.2. also defines an "accessory use" in a consistent manner – "An accessory use ... means that the use is allowed as long as it is ancillary to another permitted use ..."

2.5    Use of a deck on this lot (whether for standing, sitting, lying or for any other purpose) is not a listed "permitted" use under Table 2-2 [Land Use Table] of Chapter 17.11 [Allowable Land Uses]. Use of the deck is therefore prohibited, when not accessory to a legally established single-family residence, pursuant to CMC Section 17.11.010 A.

2.6    Unenclosed decks and platforms are exempt from land use permit requirements (but not specific development standards in Chapter 17.12) if they meet criteria in CMC Section 17.02.020 B.1. The deck on this lot is not exempt from land use permit requirements because it requires a building permit according to the Building and Safety Division and a portion of the deck is over eighteen (18) inches above grade.

Bruce Westin [Manager/Responsible Person]
Goose Trust [Member/Responsible Person]
Topanga Land LLC [Property Owner/Responsible Person]
Re: Notice of Nuisance Determinations and Request to Abate
     Calabasas Lot (APN 2072-031-011)
     Code Enforcement Case CE1902011
October 23, 2020
Page 4

2.7     The deck does not comply with CMC Section 17.12.165 A.1, which states as follows: "Accessory uses and structures shall be incidental to and not alter the character of the site from that created by the principal use." The owner is also not in compliance with CMC Section 17.12.010, which states in part as follows: "B. Land uses covered by this chapter shall conform with the provisions applicable to the specific use, in addition to other applicable provisions of this development code."

2.8     The responsible persons are subject to the following provisions of the CMC with regard to the deck:

Section 17.01.040:

A.     New Land Uses or Structures—Changes to Existing Land Uses or Structures. It is unlawful, and a violation of this development code, for any person to establish, construct, reconstruct, alter, maintain, or replace any use of land or structure, except in compliance with the requirements of this Code.

Section 17.80.020

A.     Any structure or use which is established, operated, erected, moved, altered, enlarged or maintained, contrary to the provisions of this development code or any applicable condition of approval is hereby declared to be unlawful and a public nuisance. This subsection shall also apply, without limitation, to any improved or unimproved land that is altered, graded or maintained in violation of this development code.

Oak Tree Regulations:

2.9     CMC Section 17.90.020 of the Development Code (Title 17 of the CMC) includes the following definitions that are pertinent to oak trees:

"Alter/Alteration" means, with respect to an oak tree, any action that may cause damage, stress, injury, death or disfigurement of an oak tree or scrub oak, including removing, transplanting, detaching, cutting or pruning, poisoning, over-watering, or excavating or paving within the protected zone of the oak tree.

"Encroach/Encroachment," with respect to an oak tree means any intrusion of human activity into the protected zone of an oak

Bruce Westin [Manager/Responsible Person]
Goose Trust [Member/Responsible Person]
Topanga Land LLC [Property Owner/Responsible Person]
Re: Notice of Nuisance Determinations and Request to Abate
    Calabasas Lot (APN 2072-031-011)
    Code Enforcement Case CE1902011
October 23, 2020
Page 5

tree, including ... excavating, paving... or the construction of structures or other improvements.

"Protected zone" means a defined area surrounding an oak tree within which work activities are strictly controlled ... The protected zone shall be no less than fifteen (15) feet from the trunk of an oak tree or fifty (50) feet from the trunk of a heritage oak ...

2.10   Planning Division records confirm no oak tree permits have been issued for the lot.

<u>Westerly[4] Portion of Deck Encroaching into Oak Tree's Protected Zone</u>:

2.11   The westerly portion of the deck (see Appendix 2 for photos) is five (5) feet, four (4) inches from a live multi-trunk Coast Oak (also known as California Live Oak), which tree trunks are equal to or greater than four inches dbh (diameter at breast height).

2.12   The westerly portion of the deck is encroaching into the protected zone of that tree by over nine (9) feet. That encroachment may cause damage or stress to that tree.

2.13   The responsible persons violated CMC Section 17.32.010 C.1. by not obtaining an oak tree permit from the City before constructing the deck. That section states: "(a) No person shall alter any oak tree or scrub oak habitat on any real property within the city, unless a valid oak tree permit is issued pursuant to the provisions of this section and the guidelines."

<u>Northerly[5] Portion of Deck Encroaching into Oak Tree's Protected Zone</u>:

2.14   The northerly portion of the deck (see Appendix 3 for photos) is six (6) feet, eight (8) inches from a live multi-trunk Coast Oak, which tree trunks are equal to or greater than four inches dbh (diameter at breast height).

2.15   The northerly portion of the deck is encroaching into the protected zone of that tree by over seven (7) feet. That encroachment may cause damage or stress to that tree.

---

[4]   This is an approximation.

[5]   This is an approximation.

Bruce Westin [Manager/Responsible Person]
Goose Trust [Member/Responsible Person]
Topanga Land LLC [Property Owner/Responsible Person]
Re: Notice of Nuisance Determinations and Request to Abate
    Calabasas Lot (APN 2072-031-011)
    Code Enforcement Case CE1902011
October 23, 2020
Page 6

       2.16   The responsible persons violated CMC Section 17.32.010 C.1. (a) by not obtaining an oak tree permit from the City before constructing the deck.

### Stairs Encroaching into Oak Tree's Protected Zone:

       2.17   Several stairs (risers and treads) that Mr. Westin confirmed he installed during the October 4, 2019 inspection (see also Subsection 1.1 and Appendix 4 for a photo) are within five (5) feet of a live multi-trunk Coast Oak, which tree trunks are equal to or greater than four inches dbh (diameter at breast height).

       2.18   The stairs are encroaching into the protected zone of that tree by ten (10) or more feet. That encroachment may cause damage or stress to that tree.

       2.19   The responsible persons violated CMC Section 17.32.010 C.1. (a) by not obtaining an oak tree permit from the City before installing the encroaching stairs. If additional stairs encroach into the protected zones of other Live Oak trees, they also violate Section 17.32.010 C.1. (a).

### Nuisance Due to Violations of Oak Regulations:

       2.20   The responsible persons are in violation of CMC Section 8.20.040 by reason of not having obtained an oak tree permit for the encroachments discussed in this section. Section 8.20.040 states in part as follows:

       B.    Additional Unlawful Nuisances. Except as may be authorized by this Code, it is unlawful for any responsible person to maintain, or to allow another to maintain, property in the city so that any of the following conditions exist thereon:

       12.    Maintaining any ... property ... in violation of any specific requirements or prohibition applicable to the ... property contained in the ... zoning regulations of this city ...

### Lights on Live Oak Tree:

       2.21   Officer Saavedra reports taking a photo of lights on a tree on the lot on March 3, 2020 (see Appendix 5), which is a multi-trunk Live Oak with trunks equal to or are greater than four inches dbh (diameter at breast height). The lights may cause damage or stress to that tree.

Bruce Westin [Manager/Responsible Person]
Goose Trust [Member/Responsible Person]
Topanga Land LLC [Property Owner/Responsible Person]
Re: Notice of Nuisance Determinations and Request to Abate
    Calabasas Lot (APN 2072-031-011)
    Code Enforcement Case CE1902011
October 23, 2020
Page 7

2.22   The responsible persons violated CMC Section 17.32.010 C.1. (a) by not obtaining an oak tree permit from the City before installing the lights. The lights constitute a nuisance pursuant to CMC Section 8.20.040 B.12. If other lights are present on additional Live Oak trees with trunks equal to or are greater than four inches dbh (diameter at breast height), those lights also violate Section 17.32.010 C.1. (a).

2.23   The responsible persons are, pursuant to CMC Section 17.32.010 J.2., required to obtain a retroactive oak tree permit from the city for all oak tree encroachments that are on the lot and comply with any mitigation measures as conditions of that permit.

Installation of Solar Panels and Supporting Post:

2.24   Officer Saavedra reports taking photos of a post with two solar panels on the lot on March 3, 2020 and July 29, 2020 (see Appendix 6).

2.25   The   installation   constitutes   "development"   pursuant   to CMC Section 17.90.020.

2.26   A zoning clearance approval is required for the post and solar panels pursuant to CMC Section 17.62.110 (A). They are not eligible for that approval because the lot has not been improved with an approved primary structure (i.e., one that accommodates the primary use of the lot).

**PLEASE UNDERTAKE THE FOLLOWING CORRECTIVE ACTIONS TO ABATE THE NUISANCE CONDITIONS DISCUSSED IN THIS REPORT:**

A.   Tender an application to the Planning Division **by November 30, 2020** for an oak tree permit to authorize: (i) demolition of the deck and footings on the lot, as well as removal of all demolition debris; and, (ii) removal of all stair treads on the lot that are encroaching into protected zones of all **Live Oak Trees.** That application **must also include your proposal to retain or remove lights on all Live Oak Trees** on the lot.

(i)   A proper submittal must include a fully completed application (see attached form), a dated/signed report[6] from an ISA Certified Arborist

---

[6]   The report must assess the current condition and health of each tree, and discuss procedures to follow for undertaking the corrective actions, as well as any mitigation measures that must be implemented (and their duration) after completion of the actions in order to promote the health of each tree. An incomplete or deficient report would constitute a missed deadline.

Bruce Westin [Manager/Responsible Person]
Goose Trust [Member/Responsible Person]
Topanga Land LLC [Property Owner/Responsible Person]
Re: Notice of Nuisance Determinations and Request to Abate
    Calabasas Lot (APN 2072-031-011)
    Code Enforcement Case CE1902011
October 23, 2020
Page 8

**for each tree whose protected zone is encroached into** and a nonrefundable fee of $3,227.00.

    (ii)    Failure to tender a proper submittal due to incompleteness, the omission of a required document, or another deficiency, would constitute a missed deadline.

    (iii)    The Planning Division and/or its consultant, may after considering the report, request additional information and/or documents from you, which you must provide **within ten (10) days of each request**. Failure to act in a timely manner, or to not comply with a request, would constitute a missed deadline.

    B.    Obtain a permit from the Building and Safety Division **within five (5) days** of the issuance of an oak tree permit to remove the concrete footings and demolish the deck, and lawfully dispose of all demolition debris. Failure to do so would constitute a missed deadline.

    C.    Complete the deck demolition project and obtain a final inspection approval from the Building and Safety Division **within twenty (20) days** of issuance of a demolition permit. Complete all oak-tree related remediation actions that may be required by the oak tree permit in that period as well. Failure to do so would constitute a missed deadline.

    (i)    Please schedule an inspection using the following protocols:

    (a) Email the request to tempbdpermit@cityofcalabasas.com, or by telephone and leaving a voicemail message at (818) 224-1738;

    (b) Reference Code Enforcement Case Number CE1902011, and

    (c) Include your name and telephone number so the inspector can contact you to confirm your inspection request.

    D.    Remove all stair treads on the lot that are encroaching into the protected zones of **all Live Oak trees** on the lot and pass a City inspection **within twenty (20) days** of the issuance of an oak tree permit. Complete all oak-tree related remediation actions that may be required by the oak tree permit in that period as well.

    (i)    Please contact Senior Planner Michael Klein by email (mklein@cityofcalabasas.com) or by phone [(818) 224-1710] to schedule an inspection appointment.

Bruce Westin [Manager/Responsible Person]
Goose Trust [Member/Responsible Person]
Topanga Land LLC [Property Owner/Responsible Person]
Re: Notice of Nuisance Determinations and Request to Abate
    Calabasas Lot (APN 2072-031-011)
    Code Enforcement Case CE1902011
October 23, 2020
Page 9

E.    Complete all actions that are authorized by an oak tree permit with regard to lights on **all Live Oak Trees** on the lot and <u>pass</u> a City inspection **within twenty (20) days** of the issuance of an oak tree permit.

(i)    Contact Senior Planner Michael Klein to schedule an inspection appointment.

F.    Remove **all posts and solar panels** from the lot and pass a City inspection **by November 4, 2020.**

(i)    Contact Senior Planner Michael Klein to schedule an inspection appointment.

You face the following consequences if you do not meet the above-stated deadlines:

AA.    The Community Development Director would, in accordance with Section 8.20.070 of the CMC, conduct an administrative review hearing concerning the conditions discussed herein and whether they constitute a nuisance. Written notice of the date/time/place of the hearing at City Hall would be sent to you. Your failure to attend or be represented at the hearing shall constitute an abandonment of an appeal and your failure to exhaust administrative remedies.

BB.    After considering all testimony and evidence submitted at the administrative review hearing, the Director would render a written decision to affirm, modify, or dismiss the Request to Abate. The decision would be served upon you. If the Request to Abate is affirmed and the Director declares the lot to be a public nuisance, she may issue an Order to Abate Nuisance Conditions to you. The decision would include information to file a proper and timely appeal, should you wish to contest the decision and/or an Order to Abate. If you file a timely appeal, you would be given advance written notice of a hearing date, time and place before the City Manager.

CC.    If there is an appeal hearing, the City Manager would, at its conclusion: (i) terminate the proceeding and dismiss the matter; or, (ii) confirm the decision of Community Development Director, or, (ii) modify the Director's decision based upon evidence. If the City Manager does not dismiss the matter, he shall declare the lot a public nuisance and issue an Order to Abate Nuisance Conditions to you.

Bruce Westin [Manager/Responsible Person]
Goose Trust [Member/Responsible Person]
Topanga Land LLC [Property Owner/Responsible Person]
Re: Notice of Nuisance Determinations and Request to Abate
    Calabasas Lot (APN 2072-031-011)
    Code Enforcement Case CE1902011
October 23, 2020
Page 10

      DD.   If an Order to Abate Nuisance Conditions is issued and you disregard it, the City may cause the nuisance conditions on the lot to be abated in accordance with the CMC and state laws.

To learn more about regulations in Chapter 8.20 [Public Nuisance and Abatement] of the CMC that pertain to Sections AA, BB, CC, and DD above, you may view Chapter 8.20 online by using the following link: https://library.municode.com/ca/city_of_calabasas/codes/code_of_ordinances.

Copies of additional City photos of the lot that were taken on October 4, 2019 are attached to this notice as Appendix 7.

Building and Safety Division:

By: _____    Dated: 10/23/20
    Ruben Flores, Senior Building Inspector

Planning Division:

By: _____    Dated: 10-23-2020
    Michael Klein, Senior Planner, AICP

Cc:  Bruce Westin [Manager/Responsible Person]
    Goose Trust [Member/Responsible Person]
    Topanga Land LLC [Property Owner/Responsible Person]
    5757 Wayne Newton Blvd., # 11721
    Las Vegas, NV 89111

SERVED BY PERSONAL DELIVERY OR BY FIRST CLASS MAIL AND POSTING.
COPY SERVED BY EMAIL: brucewestin01@gmail.com

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

**111 N. HILL ST., ROOM 102, LOS ANGELES, CA 90012**

| PLAINTIFF/PETITIONER: | CASE NUMBER |
|---|---|
| | **NEW** |
| DEFENDANT/RESPONDENT: | |

| **NOTICE OF REJECTION – PLEADINGS** | DEPARTMENT/UNIT |
|---|---|
| | **CIVIL FILING WINDOW** |
| | TELEPHONE NUMBER |
| | **213 830 0803** |

We are unable to process your ☑ complaint/petition ☐ answer/response ☐ general denial ☐ amended complaint ☐ cross-complaint ☐ other: _____ submitted on **4/27/2021** _____ for the following reason(s):

1. ☐ The required fee of $ _____ was not submitted.

2. ☐ Check enclosed in the amount of $_____ is ☐ altered ☐ unsigned.

3. ☐ The document does not comply with California Rules of Court, rule 2.100.

4. ☐ The case number ☐ is missing ☐ does not correspond to our records.

5. ☐ The ☐ attorney of record ☐ attorney's address does not correspond to our records.

6. ☐ Summons must conform exactly to the caption of the complaint.

7. ☐ According to the zip code listed in the Civil Case Cover Sheet Addendum and Statement of Location, this case must be filed at the _____ Courthouse.

8. ☐ The ☐ plaintiff ☐ defendant ☐ attorney of record address has P.O. Box only. Any address including a P.O. Box must include a street address.

9. ☐ Based upon the prayer amount indicated, this case must be filed as a ☐ Limited ☐ Unlimited Jurisdiction matter.

10. ☐ Proof of service of cross-complaint on all parties who have appeared on this case is required.

11. ☐ Reclassification fee of $ _____ is required with filling of ☐ cross-complaint ☐ amended complaint, as this document is changing the jurisdiction of the case.

12. ☐ A court order is required in order to file this ☐ cross-complaint ☐ amended complaint.

13. ☐ The clerk cannot accept any discovery for filing.

14. ☑ Other: **Bruce Westin is on the court's vexatious litigant list.  A court order is required to submit filing.**
_____
(attachment)

**SHERRI R. CARTER**, Executive Officer/Clerk

Dated: **APR 2 8 2021** _____

By: _____ **G.R.** _____
Deputy Clerk

LACIV 001 (Rev. 09/13)
LASC Approved  07-04

## NOTICE OF REJECTION - PLEADINGS

(Exhibit D)

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

**JUL 26 2021**

Sherri R. Carter, Executive Officer/Clerk
By: Anoush Mchitarian, Deputy

## LOS ANGELES COUNTY SUPERIOR COURT

| | |
|---|---|
| Bruce Westin,      Plaintiff | Hon. Judge David J. Cowan<br>Dept. "1"<br><br>COURT ORDER RE: REQUEST TO FILE NEW LITIGATION<br><br>Date: July 26, 2021 |

TO ALL PARTIES and THEIR RESPECTIVE ATTORNEYS of RECORD:

On August 18, 2016, Judge Cary Nishimoto formally declared Bruce Westin a vexatious litigant in Los Angeles Superior Court case no. YC053041, *Bruce Westin v. Fred Nitowski*, et al. Under that order, Mr. Westin became subject to a CCP § 391.7 prefiling requirement that requires him to get the permission of the presiding judge to file new litigation. Permission is granted only if it appears the litigation has merit and is not being filed for purposes of harassment or delay. (CCP § 391.7(b).) In the Los Angeles Superior Court, the presiding judge has designated the supervising judge of the civil division (sitting in Department 1 of the Stanley Mosk courthouse) to exercise this authority and responsibility. (See CCP § 391.7(e).)

On May 11, 2021, Department 1 received a submission lodged by Mr. Westin *in propria persona* requesting permission to file a petition for writ of mandate.

COURT FINDINGS - 1

**(Exhibit E, page 1)**

# DISCUSSION

## Applicable Law

The doctrine of exhaustion of administrative remedies "refers to the requirement that administrative remedies be pursued as a jurisdictional prerequisite to seeking judicial relief from an administrative action." (*California Correctional Peace Officers Assn. v. State Personnel Bd.* (1995) 10 Cal.4th 1133, 1148.) "In general, a party must exhaust administrative remedies before resorting to the courts. [Citations.] Under this rule, an administrative remedy is exhausted only upon 'termination of all available, nonduplicative administrative review procedures.'" (*Coachella Valley Mosquito and Vector Control Dist. v. California Public Employment Relations Bd.* (2005) 35 Cal.4th 1072, 1080.) Exhaustion of administrative remedies "is not a matter of judicial discretion, but rather is a jurisdictional prerequisite." (*SJCBC, LLC v. Horwedel* (2011) 201 Cal.App.4th 339, 346.) There are exceptions "when the administrative remedy is unavailable, when it is inadequate, or when it would be futile to pursue it. [Citation.] Other exceptions include 'situations where the agency indulges in unreasonable delay . . ., when the subject matter lies outside the administrative agency's jurisdiction, [or] when pursuit of an administrative remedy would result in irreparable harm.'" (*Id.* (quoting *McAllister v. County of Monterey* (2007) 147 Cal.App.4th 253, 275.))

A vexatious litigant is permitted to file new litigation "only if it appears that the litigation has merit and has not been filed for the purposes of harassment or delay." (CCP § 391.7.)

## Application to Facts

Mr. Westin seeks permission to file a Petition for Writ of Mandate seeking judicial review of a decision by the Community Development Director of the City of Calabasas. As

1  discussed below, Mr. Westin failed to exhaust his administrative remedies under the City of

2  Calabasas Municipal Code (CMC) and therefore cannot seek judicial review by way of a petition

3  for writ of mandate under Code of Civil Procedure (CCP) sec. 1094.5.

4       The first step in assessing administrative exhaustion is the identification of "the

5  administrative remedy . . . that petitioners allegedly should have pursued and exhausted before

6  seeking a writ of mandate." (*SJCBC, supra,* 201 Cal.App.4th at 346.) The Court briefly reviews

7

8  *SJCBC* as the facts of that case are quite similar to this one. The San Jose Municipal Code at

9  issue required the "director" to issue compliance orders in response to violations of the Code

10  directing the violating person to correct the nuisance. (*Id.* at 347.) In the event the condition was

11  not corrected, the director was required to "set a hearing before the administrative appeals board,

12  and [send] notice of the hearing . . . to the party." (*Id.*) Significantly, the Code provided that the

   "failure of any person subject to a compliance order . . . to <u>appear at the hearing</u> shall constitute a

15  failure to exhaust administrative remedies." (*Id.* (emphasis added)) In the event the appeals board

16  found an uncorrected violation, the appeals board was required to "issue an administrative order

17  requiring that the violation be corrected." (*Id.*) Once that order was issued the "aggrieved person

18  '[could] obtain review of the administrative order in the superior court' through a petition for

19

20  administrative mandate." (*Id.*; CCP sec. 1094.5.)

21       This case arises under the City of Calabasas Municipal Code instead. Under CMC sec.

22  8.20.060(C), once "an enforcement officer determines that a nuisance exists, he or she shall serve

23  on the responsible person(s) a written notice of such determination and a request to abate the

24  nuisance." "In the event a responsible person(s) shall fail, neglect or refuse to comply with a

25  notice to correct a nuisance within the time set forth for abatement . . . the community

26

27  development director shall conduct an administrative review hearing to ascertain whether or not

28

**(Exhibit E, page 3)**

the violation constitutes a nuisance" and, in doing so, shall provide notice of hearing to the responsible person. (CMC sec. 8.20.070 and 8.20.080.) CMC sec. 8.20.080(D) provides that a "responsible person's failure to attend or to be represented at [an administrative review] hearing shall constitute an abandonment of the appeal and a failure to exhaust administrative remedies."

After considering evidence at the hearing, the director "shall issue a written decision to affirm, modify, or dismiss the request to abate." (CMC sec. 8.20.090(F).) This decision must "give notice of the right to seek judicial review pursuant to Code of Civil Procedure Section 1094.5 following a timely appeal to the city manager as provided in Section 8.20.110 of this chapter." (CMC sec. 8.20.090(F).) The director's decision may be appealed "by filing with the city clerk within ten (10) days of service of such decision, a written appeal." (CMC sec. 8.20.100(A).) "As soon as practical after receiving the written appeal, the city clerk shall set a date for hearing of the appeal by the city manager." (CMC sec. 8.20.100(B).)

On October 23, 2020, Mr. Westin received an Order to Abate Nuisance Conditions from enforcement officers of the City's Building and Safety Division. (CMC sec. 8.20.060(C).) On February 22, 2021, the City's community development director (the "Director") served Mr. Westin with a Notice of Administrative Hearing as the conditions had not been cured with the hearing set for March 10, 2021. (CMC sec. 8.20.070-8.20.080.) Mr. Westin did not attend this hearing and the Director continued it to March 24, 2021, serving a notice of continuance. (See CMC sec. 8.20.090 (hearing takes place "[a]t the time, date and location stated in the hearing or continuance notice served upon the responsible person(s)…")) On March 24, 2021, Mr. Westin again did not attend the hearing and the Director issued a decision affirming the Order to Abate. (CMC sec. 8.20.090(F).) The director indicated her "decision is final" because Mr. Westin "abandoned [his] right to appeal it to the City Manager due to [his] failure to attend or be

1   represented at the hearing," specifically citing CMC sec. 8.20.080(D) and noting similar

2   warnings in the Order to Abate and Notice of Hearing. Mr. Westin did not (attempt to) file an

3   appeal to the City Manager.

4       Mr. Westin contends the Director erred in concluding that he abandoned his appeal and

5   failed to exhaust his administrative remedies by failing to attend the March 24, 2021 hearing. Mr.

6

7   Westin contends he "answered all the City's questions in writing" before the hearing and

8   "immediately before the hearing . . . informed the City via email that he was unable to attend and

9   to proceed based upon Petitioner's written statements." He argues the City "erroneously state[d

10  he] waived his rights because he was unable to access 'Zoom.com' for the . . . hearing."

11

12      It is undisputed that Westin did not attend the hearing and no representative appeared on

13  his behalf. The Director did not state that Westin was "unable to access" Zoom—the Director

14  stated Westin "did not attend the Zoom hearing," which he concedes is true. The Director noted

15  the hearing was originally set for March 10, 2021, but was continued to March 24, 2021 after one

16  of the enforcement officers "report[ed] receiving a March 10, 2021 email from Mr. Westin

17  before the hearing stating: 'I will be unable to attend this morning's hearing. Please keep me

18  advised of the outcome.'" He then failed to attend the continued March 24, 2021 hearing.

19

20  Notably, Mr. Westin offers no explanation for either failure to attend. Mr. Westin also does not

21  offer evidence that he "informed the City via email . . . to proceed based upon [his] written

22  statements," as claimed.

23

24      Mr. Westin's position therefore appears to be that his submission of written statements

25  ahead of the hearing was sufficient exhaustion of administrative remedies. "Clearly, if a person

26  receives an order, refuses to comply, receives notice of a hearing, fails to attend the hearing, and

27  then seeks judicial review of the compliance order, the Doctrine [of administrative exhaustion]

28

COURT FINDINGS - 5

**(Exhibit E, page 5)**

would apply and bar judicial review." (*SJCBC, supra*, 201 Cal.App.4th at 348.) Here, as in *SJCBC*, CMC sec. 8.20.080(D) "expressly advise[d] that the failure to attend the hearing constitutes a failure to exhaust administrative remedies." (*Id.*) The Notice of Hearing to Mr. Westin also stated as much. Mr. Westin failed to appear for either of his scheduled hearings without justification. This "shall constitute an abandonment of the appeal and a failure to exhaust administrative remedies," waiving Mr. Westin's right to appeal the Director's decision. (CMC sec. 8.20.080(D).) The failure to exhaust administrative remedies "bar[s] judicial review" by way of a petition for writ of mandate under Judicial Code sec. 1094.5. (*SJCBC, supra*, 201 Cal.App.4th at 348.) Therefore, Mr. Westin's petition for writ of mandate is barred by his failure to exhaust administrative remedies. Mr. Westin has not carried his burden to show the proposed litigation has merit.

The Court denies Mr. Westin's request to file the Petition for Writ of Mandate. The Court denies the secondary request to permit Mr. Westin to file a Motion to Stay Enforcement of the City's abatement order while the Petition for Writ of Mandate is pending.

Clerk shall give notice.

Date: July 26, 2021

/s/   DAVID J. COWAN

_____

Hon. David J. Cowan
Judge of the Superior Court

COURT FINDINGS - 6

**(Exhibit E, page 6)**

# CLERK'S CERTIFICATE OF MAILING

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the order upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.


Dated: July 26, 2021


Sherri R. Carter, Executive Officer/Clerk


By: _____

A. Mchitarian, Deputy Clerk


Bruce Westin
5757 Wayne Newton Blvd.
#11721
Las Vegas, NV 89111

COURT FINDINGS - 7

**(Exhibit E, page 7)**

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Stanley Mosk Courthouse, Department 1

YC053041
**WESTIN, BRUCE VS NITOWSKI, FRED ET AL**
October 22, 2021
8:30 AM

Judge: Honorable David J. Cowan        CSR: None
Judicial Assistant: A. Mehitarian       ERM: None
Courtroom Assistant: R. Innis           Deputy Sheriff: None

merit and has not been filed for the purposes of harassment or delay." (CCP § 391.7.) Mr. Westin previously applied to Department 1 for permission to file a Petition for Writ of Mandate seeking judicial review of a decision by the Community Development Director of the City of Calabasas. Department 1 denied permission to file the Petition for Writ of Mandate, finding that Mr. Westin failed to exhaust his administrative remedies. The Court incorporates by reference its prior ruling dated July 23, 2021 setting forth the facts and analysis supporting this conclusion.

Now, Mr. Westin seeks permission to file an appeal of that order denying permission to file a Petition for Writ of Mandate. In explaining why his action has merit, Mr. Westin states: "The Superior Court ruled incorrectly, I did not waive my rights in Code Enforcement Case #CE1902011. I have the right to appeal the Code Enforcement Ruling and the Superior Court erred in stating I was found to be a vexatious litigant on August 18th 2016. The Court's online records indicate the correct date is January 22nd 2007 and such order should be null and void - unless of course the USA is turning into some 3rd World Crap Hole." In explaining why his litigation is not intended to harass or delay, he reiterates that he "did not wave [his] rights in Code Enforcement Case #CE1902011." In support, Mr. Westin attaches only a copy of a Notice of Appeal (Form APP-102) and a copy of an Appellant's Notice Designating Record on Appeal (Form APP-103).

Mr. Westin's request to file an appeal must be submitted to the Administrative Presiding Justice of the Second District Court of Appeal rather than to the Supervising Judge of the Civil Division of the Los Angeles Superior Court. A prefiling order "prohibits a vexatious litigant from filing any new litigation in the courts of this state in propria persona without first obtaining leave of the presiding justice or presiding judge of the court where the litigation is proposed to be filed." (CCP sec. 391.7(a) (emphasis added).) Mr. Westin's proposed appeal would be heard in the Court of Appeal rather than the Superior Court. Thus, Mr. Westin must submit the Request to File New Litigation to the Administrative Presiding Justice of the Court of Appeal. (CCP sec. 391.7(e) ("The presiding justice or presiding judge of a court may designate a justice or judge of the same court to act on his or her behalf in exercising the authority and responsibilities" under this statute.)

Thus, Department 1 takes no action on the Request to File New Litigation.

Clerk shall give notice.

Certificate of Mailing is attached.

**(Exhibit F)**

**Medina, Jessica <Jessica.Medina@jud.ca.gov>**                    Mon, Nov 8, 2021,
                                                                    4:19 PM

to me

Good afternoon Bruce,

We received in the mail a request to file new litigation by vexatious litigant (Limited Civil). I
would like to get some clarification regarding what you are trying to file to better assist you. If
you can please give me a call at (213) 830-7000 no later than tomorrow, 11/09/21 at 12 pm or I
will be mailing back your request.

Sincerely,

**Jessica Medina**, Assistant Deputy Clerk I
COURT OF APPEAL, SECOND APPELLATE DISTRICT
300 South Spring Street | Second Floor | North Tower | Los Angeles, CA 90013
General: 213-830-7000 |
Jessica.Medina@jud.ca.gov | courts.ca.gov/2dca | facebook.com/2dcoa

*Committed to providing fair and equal access to justice for all Californians*



**Bruce <brucewestin01@gmail.com>**                               Mon, Nov 8, 2021,
                                                                   4:28 PM

to Jessica

Hello,

I'm trying to appeal the July 2021 order that was included

Bruce



**Medina, Jessica <Jessica.Medina@jud.ca.gov>**                   Tue, Nov 9, 2021,
                                                                   8:35 AM

to me

Limited Civil cases are to be filed at  Superior Court.

Sincerely,

**(Exhibit G, page 1)**

**Jessica Medina**, Assistant Deputy Clerk I
COURT OF APPEAL, SECOND APPELLATE DISTRICT
300 South Spring Street | Second Floor | North Tower | Los Angeles, CA 90013
General: 213-830-7000 |
Jessica.Medina@jud.ca.gov | courts.ca.gov/2dca | facebook.com/2dcoa

*Committed to providing fair and equal access to justice for all Californians*