# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

|  |  |
|---|---|
| BRUCE WESTIN,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF CALABASAS et al.,<br><br>Defendants. | No. CV 22-03788-VBF (DFM)<br><br>Report and Recommendation of United States Magistrate Judge |

This Report and Recommendation is submitted to the Honorable Valerie Baker Fairbank, United States District Judge, under 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.

## I.  BACKGROUND

Plaintiff Bruce Westin filed a civil rights action under 42 U.S.C. § 1983, alleging that Defendant City of Calabasas (the "City") violated his Fourteenth Amendment rights. See Dkt. 33, Second Amended Complaint ("SAC").[1]

The City has filed a motion to dismiss the SAC. See Dkt. 40 ("Mot."). Plaintiff has filed an opposition. See Dkt. 49. The City did not file a reply.

---

[1] Defendants California Superior Court and California Court of Appeal have been dismissed with prejudice. See Dkts. 31, 33. Additionally, all citations are to the CM/ECF pagination.

Having considered the papers submitted, the Court recommends that the City's motion be granted and the SAC dismissed with prejudice.

## II.   FACTUAL ALLEGATIONS

The following allegations are taken from the SAC and are accepted as true. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Plaintiff resides in Nevada. See SAC ¶ 3. The City is a government entity. See id. ¶ 4. The subject property ("the Property") is a vacant lot in Calabasas, California that is owned by a family trust. See id. ¶ 1.

Plaintiff made improvements to the Property, including a 10x10 wooden deck, partially completed stairway, and steppingstones placed along a hillside. See id. Plaintiff believed the improvements did not require permits. See id. ¶ 6.

On October 23, 2020, the City issued a "Notice of Nuisance Determinations and Request to Abate" to Plaintiff for illegal structures. See id. ¶ 7 & Ex. C at 6-15. On March 24, 2021, the City held a virtual hearing regarding Plaintiff's objections. See SAC ¶ 8. Plaintiff did not attend because he was unable to download Zoom. See id.

On March 30, 2021, the City Administrative Review Board issued its "Decision Following Administrative Review Hearing," finding the Property to be a public nuisance under the Calabasas Municipal Code ("CMC") §§ 15.04.840 A, 8.20.040 B.12, and 17.80.020 A. See id. ¶ 9 & Ex. C at 3-4. The City ordered Plaintiff to remove all improvements and repair any damage to the Oak Tree habitat by May 10, 2022. See SAC ¶ 9 & Ex. C at 1-5.

On January 13, 2022, the City obtained an abatement warrant to remove the wooden deck with its concrete footing, staircase, lights, and solar panels with their supporting posts from the Property. See id. ¶ 11 & Ex. H. When the City executed the warrant, it removed items not listed in the warrant from the Property and an adjacent lot. See id. ¶¶ 12-14. The City sent Plaintiff a bill for $17,653 for expenses associated with the removal. See id. ¶ 15 & Ex. I.

Based on this conduct, Plaintiff alleges that the City violated his Fourteenth Amendment right against "theft of property." See id. ¶¶ 17, 18. Additionally, Plaintiff alleges that the City should be enjoined from collecting the costs associated with the abatement action. See id. ¶¶ 19, 20.

## III.   LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the claims stated in the complaint. See Fed. R. Civ. P. 12(b)(6). A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

In resolving a 12(b)(6) motion under Twombly, the Court follows a two-pronged approach. First, the Court accepts all well-pleaded factual allegations as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Nor must the Court "'accept as true a legal conclusion couched as a factual allegation.'" Id. at 678 (quoting Twombly, 550 U.S. at 555). Second, assuming the veracity of well-pleaded factual allegations, the Court "determine[s] whether they plausibly give rise to an entitlement to relief." Id. at 679. This determination is context-specific, requiring the Court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id.

"In civil rights cases where the plaintiff appears pro se, the court must construe the pleadings liberally and must afford plaintiff the benefit of the doubt." Karim-Panahi v. L.A. Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). "[B]efore dismissing a pro se civil rights complaint for failure to state a claim,

the district court must give the plaintiff a statement of the complaint's deficiencies." Id.

## IV.   DISCUSSION

The City argues that Plaintiff's Fourteenth Amendment violation fails to state a claim, that his request for an injunction is not a claim but a remedy, and that his allegations are implausible. See Mot. at 12-18.

## A.   Plaintiff's Effective Failure to File an Opposition

Plaintiff's opposition is two pages in length and does not rebut any of the City's arguments. In fact, Plaintiff appears to concede that the SAC is deficient, arguing that that he could amend to sue additional City employees. See Opp'n at 2. Plaintiff's failure to file a meaningful opposition is an independent ground on which to grant the City's motion to dismiss.

## B.   Plaintiff's Fourteenth Amendment Claim Fails

Plaintiff's Fourteenth Amendment claim alleges that the City should compensate him for removed items that were not listed in the abatement warrant ("non-noticed property"). See SAC ¶¶ 17, 18.

### 1.   Preemption by the Takings Clause

The City argues that Plaintiff cannot use his Fourteenth Amendment claim to re-allege his Fifth Amendment claim, which was dismissed with prejudice. See Mot. at 12-13; Dkts. 31, 36.

The Fifth Amendment precludes a due process challenge if the alleged conduct is covered by the Takings Clause. See Rancho de Calistoga v. City of Calistoga, 800 F.3d 1083, 1093 (9th Cir. 2015) ("Such an overlapping theory dooms the substantive due process claim."). The Ninth Circuit has explained the distinction between substantive due process and Takings Clause claims:

> "[The Takings Clause] is designed not to limit the governmental interference with property rights per se, but rather to secure compensation in the event of otherwise proper interference . . . ."

> Due process violations cannot be remedied under the Takings Clause, because "if a government action is to be found impermissible—for instance because it fails to meet the 'public use' requirement or is so arbitrary as to violate due process—that is the end of the inquiry. No amount of compensation can authorize such action."

Equity Lifestyle Properties, Inc. v. County of San Luis Obispo, 505 F.3d 860, 870 n.16 (9th Cir. 2007) (quoting Lingle v. Chevron U.S.A., Inc., 544 U.S. 528, 537 (2005)).

Plaintiff's Fourteenth Amendment claim seeks "compensation for items taken from the vacant lot in question and not listed in the abatement warrant." SAC ¶¶ 17; see also id. ¶ 18. Given that Plaintiff's alleged constitutional violation arose from an otherwise proper interference, the Court agrees that this claim is closer to the Takings Clause than due process. See Loretto v. Teleprompter Manhattan CATV Corp., 458 U.S. 419 (1982) (holding that regulation that deprives owner of economically beneficial use of property is a taking for Fifth Amendment purposes). Nonetheless, the Court will analyze the claim as if it were a viable due process violation.

### 2. Municipal Liability

Whatever constitutional theory underlies Plaintiff's 1983 claim, "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694 (1978). Rather, it is only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id. Thus, to impose liability on a municipality under § 1983, a plaintiff must allege that "(1) [he] had a constitutional right of which he was deprived; (2) the municipality had a policy; (3) the policy amounts to deliberate indifference to his constitutional

right; and (4) 'the policy is the moving force behind the constitutional violation.'" Gordon v. County of Orange, 6 F.4th 961, 973 (9th Cir. 2021) (citation omitted).

Here, Plaintiff fails to allege that any City policy or custom was the moving force behind the enforcement action. Instead, Plaintiff complains of one incident involving the alleged removal of non-noticed property by individuals without authority. See SAC ¶¶ 12-14. "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996) (citation omitted).

### 3. Due Process Elements

A procedural due process claim has two elements: (1) a protected liberty or property interest and (2) a denial of adequate procedural protections. See Pinnacle Armor, Inc. v. U.S., 648 F.3d 708, 716 (9th Cir. 2016). Substantive due process protects individuals from arbitrary and irrational government interference with their property rights. See Lingle v. Chevron U.S.A. Inc., 544 U.S. 528, 544 (2005). Typically, "only egregious official conduct can be said to be arbitrary in the constitutional sense: it must amount to an abuse of power lacking any reasonable justification in the service of a legitimate governmental objective." Shanks v. Dressel, 540 F.3d 1082, 1088 (9th Cir. 2008) (citation and internal quotation marks omitted).

Here, Plaintiff has not alleged facts to state a due process claim. At the outset, the City correctly notes that Plaintiff's SAC does not allege a concrete interest in the Property, alleging only that it was owned by a "family trust." SAC ¶ 1; see Mot. at 8. Additionally, the SAC does not allege that Plaintiff saw or was informed that the City removed the non-noticed property, nor does he allege why he believes it was the City, as opposed to private individuals,

6

who took his construction tools, rebuilt engines, and other personal property. In fact, Exhibit I to the SAC states that the City's agent, Newbury Park Tree Service, entered the Property and undertook nuisance abatement actions that were specifically identified in the abatement warrant. <u>See</u> SAC, Ex. I.

Furthermore, Plaintiff's SAC does not sufficiently allege that Plaintiff was denied process or suffered an abuse of governmental power of sufficient degree to be deemed a constitutional violation. To the contrary, Plaintiff's SAC and the attached exhibits indicate that the City followed all procedures in entering and removing items from the Property. In October 2020, the City issued a "Notice of Nuisance Determinations and Request to Abate" to Plaintiff for the structures. <u>See</u> <u>id.</u>, Ex. C at 6-15. In March 2021, the City held a virtual hearing regarding Plaintiff's objections, but Plaintiff did not attend. <u>See</u> <u>id.</u> ¶ 8. A week later, the City Administrative Review Board issued its decision, finding the Property to be a public nuisance under three sections of the CMC. <u>See</u> <u>id.</u>, Ex. C at 3-4. Plaintiff was given more than a month to remove his improvements and repair any damage, but he did not act. <u>See</u> <u>id.</u> at 1-5. Only then did the City obtain an abatement warrant to remove Plaintiff's improvements. <u>See</u> <u>id.</u>, Ex. H. Even if fully credited, Plaintiff's allegation that the City removed non-noticed items would not rise to the level of a constitutional violation. <u>See</u> <u>Shanks</u>, 540 F.3d at 1089; <u>Sinaloa Lake Owners Ass'n v. City of Simi Valley</u>, 864 F.2d 1475, 1486 (9th Cir. 1989) ("[M]ere errors of judgment, or actions that are mistaken or misguided, do not violate due process.").

## C.   <u>Injunction</u>

Plaintiff brings a separate claim for injunctive relief for the bill he received for the abatement action. <u>See</u> SAC ¶¶ 19, 20. The City contends that injunctive relief is not a standalone cause of action but a remedy that must be supported by a viable substantive cause of action. <u>See</u> Mot. at 17. Although the

City's argument is not entirely correct, Plaintiff's claim for injunctive relief is predicated on his claim that the City violated his constitutional rights. Without an underlying violation, Plaintiff's request for injunctive relief fails.

**D.   <u>Leave to Amend</u>**

A district court has discretion to dismiss a complaint with or without leave to amend. <u>See</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc). A district court may dismiss without leave to amend if amendment would be futile. <u>See</u> <u>Cervantes v. Countrywide Home Loans, Inc.</u>, 656 F.3d 1034, 1041 (9th Cir. 2011). "The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." <u>Ascon Props., Inc. v. Mobil Oil Co.</u>, 866 F.2d 1149, 1160 (9th Cir. 1989) (citations omitted).

Here, the Court has identified defects in Plaintiff's pleadings and has afforded him several chances to amend his complaint. Nevertheless, the SAC has not cured those deficiencies, and in fact, offers no new factual allegations at all. Accordingly, the Court concludes that further amendment would be futile and recommends that the SAC be dismissed without leave to amend.

## V.   CONCLUSION

IT IS RECOMMENDED THAT the City's Motion to Dismiss be GRANTED.

IT IS FURTHER RECOMMENDED that Judgment be entered dismissing the SAC with prejudice.

Date: August 25, 2023

DOUGLAS F. McCORMICK
United States Magistrate Judge